# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DOVER MALL, LLC,            :
                                       :     C.A. No.: K22C-07-013 JJC
           Plaintiff,        :
                                         :
           v.                   :
                                         :
SAM TANG,                  :
                                         :
           Defendant.      :

Submitted:  October 27, 2023
Decided: November 16, 2023

## **ORDER**

On this 16th day of November 2023, having considered Defendant Sam Tang's motion for reconsideration and Plaintiff Dover Mall, LLC's opposition, it appears that:

1.      Mr. Tang moves, *pro se,* for reconsideration of the Court's decision granting summary judgment in Dover Mall's favor.  In his motion, he does not seek reconsideration of issues regarding his liability.  Rather, he challenges the amount of the judgment.  Given the timing of his motion and his *pro se* status, the Court considers his filing to be a request to amend the judgment pursuant to Superior Court Civil Rule 59(d).

2.      As background, the Court entered judgment on behalf of Dover Mall in the amount of $276,089.72 on October 5, 2023.[1]   During summary judgment briefing, Dover Mall provided a schedule itemizing the *amount* of unpaid rent due it, which Mr. Tang did not contest.   Namely, Mr. Tang contested his liability for

---

[1] *Dover Mall, LLC v. Tang*, 2023 WL 6536975, at *6 (Del. Super. Oct. 5, 2023).

breach of the lease but declined to address Dover Mall's allegation regarding the amount he owed. The Court then entered summary judgment on behalf of Dover Mall in the amount included in Dover Mall's schedule because Mr. Tang did not identify a genuine issue of fact regarding the schedule's accuracy.[2]

3.      In Mr. Tang's motion, he requests the Court to reconsider the amount of the judgment because he has already paid a significant portion of it. In support, he includes an affidavit and receipts from Dover Mall evidencing payments. He also includes cancelled checks made payable to Dover Mall. More specifically, he incorporates receipts from Dover Mall's management office confirming payment and acceptance of all but two of the payments he alleges. He contends he lost the receipts for those two payments, but nevertheless presents copies of cancelled checks he wrote to Dover Mall that confirms them. Combined, these documents and his affidavit demonstrate that he paid a total of $49,964.50 on his account after April 1, 2020.[3] For reasons that are unclear, Dover Mall, as a sophisticated commercial enterprise, only credited him with a single $2,000 payment in the schedule that it filed in support of its summary judgment motion.[4]

4.      Dover Mall opposes Mr. Tang's motion solely on the basis that he had the opportunity to contest the correct amount during the summary judgment proceeding but did not. In other words, Dover Mall rests solely on a "too late" defense. Importantly, Dover Mall does not contest that it received the payments that Mr. Tang identifies. Nor does Dover Mall contest that Mr. Tang provides authentic receipts from its business office and cancelled checks that confirm that he made the

---

[2] *Id*. at *5.

[3] Mr. Tang asserts a total of $77,920.19 in payments to Dover Mall after January 1, 2020. As the Court explained in its October decision, however, only payments due after April 1, 2020 are material to the case. *Id.* at *5. The payments he identified that were not credited to him in the schedule, made after April 1, 2020, in the amount of $47,964.50 should be credited toward any amounts owed.

[4] D.I. 10, Ex. B.

2

payments. Given the current state of the record, the Court cannot ignore what the parties do not contest.

5.      For these reasons, the interests of justice require that the judgment be amended pursuant to Superior Court Civil Rule 59(d). Namely, it would cause a manifest injustice to include, in a final judgment, amounts that Mr. Tang already paid to Dover Mall. Because Dover Mall does not contest the accuracy of the payments Mr. Tang identifies in his affidavit – $49,964.50 after April 1, 2020 – the judgment is hereby amended. Dover Mall's schedule in support of its summary judgment motion identified only one payment of $2,000 made on the account after April 1, 2020. [5] When accounting for that entry, Mr. Tang is due a credit of $47,964.50 on the amount of the judgment entered on October 5th, 2023.

WHEREFORE, Defendant Sam Tang's motion to amend the judgment in this case is **GRANTED.** Final judgment is hereby entered in favor of Plaintiff Dover Mall, LLC in the amount of **$228,125.22.**

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

JJC:klc

---

[5] *Id.*

3